UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| LESTER J. BAMBINO, JR., <br><br> Plaintiff, <br><br> vs. <br><br> UNITED STATES; SIOUX FALLS, SOUTH DAKOTA DEPARTMENT OF VETERANS AFFAIRS; SOUTH DAKOTA DEPARTMENT OF LABOR; JANSSEN & SON; PEOPLEASE CORP.; ARCH INS; SOUTH DAKOTA MEDICAL BOARD; and SOUTH DAKOTA STATE BAR, <br><br> Defendants. | 18-4079 <br><br><br> **MEMORANDUM OPINION AND ORDER GRANTING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT** |

## INTRODUCTION AND BACKGROUND

On July 9, 2018, plaintiff Lester J. Bambino, Jr. ("Plaintiff"), appearing *pro se*, filed a complaint ("Complaint") against the above-named defendants ("Defendants"). Doc. 1. In his civil coversheet, Plaintiff identifies the nature of his claims as a personal injury involving medical malpractice and the False Claims Act. Doc. 2. Plaintiff's Complaint alleges claims of medical malpractice, legal malpractice, and discrimination against Defendants. Doc. 1. Plaintiff seeks $900,000 in monetary damages and an apology from the Sioux Falls VA. Pending before the Court is Plaintiff's Motion for Leave to Proceed in Forma Pauperis ("IFP"), Doc. 3, and Motion to Appoint Counsel, Doc. 7.

The Court is familiar with the facts of this case as the claims in the Complaint involve the same incidents out of which arose Plaintiff's claims in his previous lawsuit filed with this Court on August 28, 2017, *Bambino v. Janssen and Son, et. al*, 17-cv-4117. In *Bambino v. Janssen and Son, et. al.*, 17-cv-4117, in the Court's preservice review pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court dismissed Plaintiff's claims with prejudice. Doc. 7 and 8. The Court's decision was summarily affirmed by the Eighth Circuit Court of Appeals. Doc. 13.

In the present case, Plaintiff's civil cover sheet characterizes the origin of this case as being reinstated or reopened and states in the civil cover sheet that his cause of action is one to amend the Judgment filed in *Bambino v. Janssen and Son, et. al.*, 17-cv-4117, on the basis that there are

1

new facts in this case. Doc. 2. However, Plaintiff does not seek to reopen his prior case or amend the judgment in his claim to relief in his Complaint.

Under Rule 59(e) of the Federal Rules of Civil Procedure, a Motion to Alter or Amend a Judgment must be filed no later than 28 days after the entry of the judgment. In *Bambino v. Janssen and Son, et. al.*, 17-cv-4117, the Court's Order Granting Leave to Proceed in Forma Pauperis and Dismissing Complaint with Prejudice was filed with the Clerk of Courts on October 12, 2017, and Plaintiff filed his Complaint in the present action on July 9, 2018—well over the 28 days after this Court's entry of judgment in the prior case. Because Plaintiff does not seek to amend this Court's prior judgment in his claim to relief in his Complaint and because the Court is bound to construe Plaintiff's *pro se* Complaint liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Court will treat Plaintiff Complaint as a new action.

## FACTS

The claims alleged by Plaintiff in his Complaint[1], as in the previous lawsuit, appear to stem from a denial of workers' compensation benefits.

On July 2, 2017, Plaintiff sought treatment at the Sioux Falls VA Hospital for his blood pressure[2]. Compl., IV and Tr. of 4/23/14 Dep't of Labor Hr'g 32:21-33:01. The Physician Assistant, Certified (PA-C) who saw Plaintiff, Michelle Healy, "did not note any significant findings on physical examination" and under review of symptoms, noted in Plaintiff's medical records that "the patient has mild back pain of a year's duration", thus meeting the time duration of "chronic lower back pain." Compl., 3/27/2018 VA Letter.

Approximately seven (7) months after Plaintiff's July 2, 2017, visit to the Sioux Falls VA Hospital, Plaintiff was in a work-related motor vehicle accident. Compl., Tr. of 4/23/14 Dep't of Labor Hr'g 32:14-17. On April 23, 2014, the Department of Labor held a hearing regarding

---

[1] Attached to Plaintiff's Complaint are the following: 1) a letter dated 1/26/2018 from the Sioux Falls Department of Veterans Affairs denying Plaintiff's request to amend a progress note in his medical records ("1/26/2018 Sioux Falls VA Letter"); 2) a final decision dated March 27, 2018, on behalf of the U.S. Department of Veterans Affairs affirming the denial of Plaintiff's amendment request ("3/27/2018 U.S. VA Letter"); 3) a letter dated 2/1/18 from Plaintiff; 4) a letter from the U.S. Department of Veterans Affairs finding that Plaintiff's claim alleging false information in his medical records was not a tort that could be redressed under the Federal Tort Claims Act (FTCA) and finding further any tort arising from this incident was barred under federal law as untimely ("4/5/2018 U.S. VA Letter"); 5) an excerpt from Plaintiff's workers' compensation hearing before the Department of Labor ("Tr. of 4/23/14 Dep't of Labor Hr'g"); and 6) a formal mandate issued by the United States Court of Appeals for the Eighth Circuit in Lester J. Babino, Jr. v. Janssen and Son, et. Al., No. 17-3395.

[2] There is some dispute in the record whether Plaintiff was being seen for a tooth issue as well. Tr. of 4/23/14 Dep't of Labor Hr'g 32:21-25.

2

Plaintiff's claim for workers' compensation benefits. Compl., Tr. of 4/23/14 Dep't of Labor Hr'g. During the hearing, Plaintiff was questioned rather extensively about Ms. Healy's note indicating that Plaintiff had chronic lower back pain. Compl., Tr. of 4/23/14 Dep't of Labor Hr'g, 32:8-34:10. During the hearing, Plaintiff disputed counsel's characterization of Ms. Healy's chronic lower back pain notation as a diagnosis because Plaintiff had not sought any treatment for back pain and because Ms. Healy had not examined him for back pain. Compl., Tr. of 4/23/14 Dep't of Labor Hr'g, 32:21-34:10.

At some point after the Department of Labor Hearing, it appears that Plaintiff's request for worker's compensation benefits was denied.

On January 2, 2018, Plaintiff submitted a request to the Sioux Falls VA Health Care System to amend his medical records pursuant to section 552a of the Privacy Act, 5 U.S.C. § 552a(d)(2), and his request was denied. Compl., 1/26/2018 Sioux Falls VA Letter. The Sioux Falls VA's denial of Plaintiff's request to amend his medical records was affirmed by the U.S. Department of Veterans Affairs on appeal[3]. Compl., 3/27/2018 U.S. VA Letter.

Plaintiff filed an administrative claim under the FTCA against the U.S. Department of Veterans Affairs on November 2, 2017, alleging that false information in his medical records resulted in the denial of his workers' compensation benefits. Compl., 4/5/2018 U.S. VA letter. The VA denied Plaintiff's administrative claim as untimely under 28 U.S.C. § 2401(b) because he did not file his administrative claim within two years after his claim accrued. The VA indicated that based on the VA's investigation, Plaintiff's claim accrued on February 17, 2015—the last date of Plaintiff's alleged harm. Compl., 4/5/2018 U.S. VA letter. The VA's letter noted further that the FTCA is not the proper avenue to dispute information in Plaintiff's medical records or his workers' compensation claim, but informed Plaintiff that he may dispute the agency's decision by filing an action in the appropriate U.S. District Court. Compl., 4/5/2018 U.S. VA letter.

On July 9, 2018, Plaintiff filed his Complaint in the present case. Liberally construing Plaintiff's *pro se* Complaint as the Court is bound to do, Plaintiff appears to allege that the Sioux Falls VA committed medical malpractice when Ms. Healy recorded in Plaintiff's medical notes that Plaintiff had chronic lower back pain because Plaintiff was not being seen for lower back pain

---

[3] In its letter, the U.S. Department of Veterans Affairs stated that Ms. Healy did not make any comments regarding diagnosis, prognosis, and subsequent course of treatment, but only recorded under her review of the symptoms that "the patient has mild back pain of a year's duration", thus meeting the time duration of "chronic lower back pain."

3

and because Ms. Healy had not examined Plaintiff for lower back pain. Taking into consideration the Complaint and the attachments to the Complaint, it appears that Plaintiff is alleging that Ms. Healy's negligence caused him to be denied worker's compensation benefits. Plaintiff alleges that the South Dakota Medical Board should not condone such malpractice and should acknowledge the harm Plaintiff has suffered as a result.

In his Complaint, Plaintiff requests that his workers' compensation case be reopened because the South Dakota Department of Labor Administrative Law Judge knew that all of his "records at the Sioux Falls VA hospital were not brought forward therefore causing discrimination towards [him]".

Finally, Plaintiff alleges in his Complaint that Janssen and Son, Peoplease Corp, and Arch Ins committed legal malpractice because attorneys for these defendants falsely and knowingly claimed that Plaintiff was diagnosed with a chronic illness. Plaintiff also alleges that the South Dakota Bar should not condone such legal malpractice and should acknowledge the harm Plaintiff has suffered as a result.

Plaintiff requests an apology from the Sioux Falls VA and damages in the amount of $900,000. Pending before the Court are Plaintiff's Motion for Leave to Proceed in Forma Pauperis ("IFP"). Doc. 3.

## DISCUSSION

### I. Jurisdiction

As an initial matter, Plaintiff's asserted basis for federal subject matter jurisdiction should be clarified. "[F]ederal courts are courts of limited jurisdiction. . . ." *United States v. Afremov*, 611 F.3d 970, 975 (8th Cir. 2010). A district court "has a special obligation to consider whether it has subject matter jurisdiction in every case." *Hart v. United States*, 630 F.3d 1085, 1089 (8th Cir. 2011). "This obligation includes the concomitant responsibility 'to consider *sua sponte* [the court's subject matter] jurisdiction ... where ... [the court] believe[s] that jurisdiction may be lacking.'" *Id.* (quoting *Clark v. Baka*, 593 F.3d 712, 714 (8th Cir. 2010) (per curiam)).

The subject matter jurisdiction of this Court may derive from the citizenship of the parties, *see* 28 U.S.C. § 1332, a federal question posed by the underlying lawsuit, *see* 28 U.S.C. § 1331, or special circumstances covered by federal statute.

4

Although Plaintiff states various federal statutes as the basis for this Court's jurisdiction[4], Plaintiff's statement of his own causes of action do not arise under any of these statutes. *See Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (citing *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908) (stating that Plaintiff's statement of his own cause of action must show that it is based upon [federal law])). The Court does find, however, that Plaintiff's medical malpractice claim against the United States presents a federal question because it arises under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680.

While the FTCA mandates that a litigant first exhaust his administrative remedies before bringing a tort claim against the United States in federal district court, see 28 U.S.C. § 2401(b)[5], the United States Supreme Court has made clear that administrative exhaustion is not a jurisdictional prerequisite. *United States v. Kwai Fun Wong*, 135 S.Ct. 1625, 1633 (2015) ("Section 2401(b) is not a jurisdictional requirement."). Instead, exhaustion of administrative remedies is an affirmative defense which the defendant has the burden to establish. *Schmidt v. United States*, 933 F.2d 639, 640 (8th Cir. 1991) (citing Fed. R. Civ. P. 8(c)); see also *Jones v. Bock*, 549 U.S. 199, 216 (2007) (holding that failure to exhaust administrative remedies under the Prison Litigation Reform Act is an affirmative defense and inmates are not required to specifically plead or demonstrate exhaustion in their complaints).

Because Plaintiff's Complaint presents a federal question over which the Court has original jurisdiction, the Court may exercise supplemental jurisdiction over Plaintiff's claims against the South Dakota Department of Labor, the South Dakota Medical Board, the South Dakota Bar Association, Janssen and Son, Peoplease Corp, and Arch Ins. *See* 28 U.S.C. § 1367(a) (granting federal courts supplemental jurisdiction over related claims in "any civil action of which the district courts have original jurisdiction").

## II. Application to Proceed In Forma Pauperis

---

[4] Plaintiff's stated grounds for the court's jurisdiction is: "Additional findings of fact under Fed. R. Civ. P. 52(b); and to amend the Judgement (sic) under Fed. Civ. P. 59; 28 U.S.C. § 2675(a); 28 C.F.R. § 14.9."

[5] 28 U.S.C. § 2401(b) provides that "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within seix months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented."

This Court may authorize the commencement of suit without prepayment of fees when an applicant files an affidavit stating he is unable to pay the costs of the lawsuit. 28 U.S.C. § 1915. Determining whether an applicant is sufficiently impoverished to qualify to proceed *in forma pauperis* under § 1915 is committed to the court's discretion. *Cross v. Gen. Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983). "[I]n forma pauperis status does not require a litigant to demonstrate absolute destitution." *Lee v. McDonald's Corp.*, 231 F.3d 456, 459 (8th Cir. 2000) (citation omitted).

Based upon Plaintiff's application, Plaintiff indicates that he is currently unemployed and has very limited assets and that his expenses exceed his monthly income. Doc. 3. Considering the information in the financial affidavit, the Court finds that Plaintiff has made the requisite financial showing to proceed *in forma pauperis*.

### III. Screening of Complaint under 28 U.S.C. § 1915(e)(2)(B)

But the inquiry does not end there. Congress has directed this Court under 28 U.S.C. § 1915(e)(2)(B) to review and screen claims in a complaint being filed *in forma pauperis* to determine if they are: (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who has immunity. *See* 28 U.S.C. § 1915(e)(2)(B).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Aziz v. Burrows*, 976 F.2d 1158, 1158 (8th Cir. 1992) (quoting *Neitzke v. Williams*, 480 U.S. 319, 324 (1989)).

A complaint states a claim upon which relief may be granted if it contains sufficient factual matter, accepted at true to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action's elements, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). A plaintiff must demonstrate a plausible claim for relief, that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (citing Fed. R. Civ. P. 8(a)(2)). "Determining whether a

complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation omitted).

A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Haines v. Kerner*, 404 U.S. 519, at 520-521 (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). A reviewing court has the duty to examine a *pro se* complaint "to determine if the allegations provide for relief on any possible theory." *Williams v. Willits*, 853 F.2d 586, 588 (8th Cir. 1988); *see also Human v. Rowley*, 205 F.3d 1346, 1999 WL 1204488, at *2 (8th Cir. 1999) (per curiam). However, a court is not required to supply additional facts for a *pro se* plaintiff, nor construct a legal theory that assumes facts which have not been pleaded. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

### A. FTCA Claim

Liberally construing Plaintiff's *pro se* Complaint as the Court is bound to do, it appears that Plaintiff alleges that Ms. Healy at the Sioux Falls VA committed medical malpractice when she recorded in Plaintiff's medical notes that Plaintiff had chronic lower back pain because Plaintiff was not being seen for lower back pain and because Ms. Healy had not examined him for lower back pain. As the Court has already found, the Court has jurisdiction to hear a claim of medical malpractice against the United States under the FTCA.

It appears that Plaintiff alleges further that Ms. Healy's malpractice caused him to lose workers' compensation benefits. Plaintiff attaches to his Complaint excerpts from the transcript of the Department of Labor hearing regarding his worker's compensation claim. In the transcript, Plaintiff is questioned about the medical note diagnosing Plaintiff with chronic back pain approximately seven months before the accident. Plaintiff requests in his Complaint that the Sioux Falls VA acknowledge their wrong and requests damages of $900,000.

In its preservice review of Plaintiff's claim under the FTCA, the Court will take judicial notice of *Babino v. Janssen and Son, et. al.*, 17-cv-4117, a case plaintiff previously filed in this

7

Court. In that case, the Court dismissed Plaintiff's claim for negligence/medical malpractice against the Sioux Falls VA Hospital with prejudice and its decision was summarily affirmed on appeal by the Eighth Circuit Court of Appeals.

In the instant action, Plaintiff is attempting to reassert virtually the same claim for negligence or medical malpractice as that advanced in *Babino v. Janssen and Son, et. al.*, 17-cv-4117, albeit with a little more detail and specificity. Court finds, however, that the present claim is barred by the doctrine of *res judicata*.

The principle behind the doctrine of *res judicata* is that "[f]inal judgment on the merits precludes the relitigation of a claim on any grounds raised before or any grounds which could have been raised in the prior action." *Poe v. John Deere Co.*, 695 F.2d 1103, 1105 (8th Cir. 1982) (citing *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981)). By "preclud[ing] parties from contesting matters that they have had a full and fair opportunity to litigate," the doctrine of *res judicata* protects against "the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." *Montana v. United States*, 440 U.S. 147, 153-54 (1979).

Jurisdiction over Plaintiff's 2017 complaint rested on federal question jurisdiction, with the Court exercising supplemental jurisdiction over Plaintiff's remaining state-law claims. As such, federal law controls the *res judicata* effect of the 2017 judgment in that case. *Henderson v. Engstrom*, No. 14-cv-4116, 2014 WL 4678262, at *2 (D.S.D. Sept. 18, 2014) (citing *In re Residential Capital, LLC*, 507 B.R. 477, 490 (Bankr. S.D.N.Y. 2014) ("When federal jurisdiction in a prior case is based on federal question jurisdiction, with the court exercising supplemental—not diversity—jurisdiction over the plaintiff's remaining claims, federal preclusion doctrine applies.") and *Hufsmith v. Weaver*, 817 F.2d 455, 460 (8th Cir. 1987) (finding that federal rules of *res judicata* controlled effects of a federal-question judgment when a state-law claim was later decided as a matter of supplemental jurisdiction)).

The doctrine of *res judicata* encompasses the concepts of both issue preclusion and claim preclusion. *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). The doctrine of claim preclusion provides that "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Costner v. URS Consultants, Inc.*, 153 F.3d 667, 673 (8th Cir.1998) (quoting *United States v. Gurley*, 43 F.3d 1188, 1195 (8th Cir.1994)). The requirements

8

for application of claim preclusion are: "(1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involve the same parties (or those in privity with them); and (4) both suits are based upon the same claims or causes of action." *Id.* at 673. An cause of action that "arise[s] out of the same nucleus of operative facts as the prior claim" is considered by the Eighth Circuit to be a lawsuit that is "based upon the same claim[] or cause[] of action," even if the plaintiff "fashions a new theory of recovery or cites a new body of law." *Banks v. Int'l Union EETSM Workers'*, 390 F.3d 1049, 1052 (8th Cir. 2004).

Courts have held that dismissals for frivolousness and for failure to state a claim under § 1915(e)(2)(B) are final decisions on the merits and have a *res judicata* effect. *See, e.g., Cieszkowska v. Gray Line N.Y.*, 295 F.3d 204, 205–06 (2d Cir. 2002) (per curiam) (finding that although plaintiff raised a new legal theory in her second amended complaint, plaintiff's claim was barred by *res judicata* because the factual predicates of plaintiff's allegations in the second complaint involved the same events as the first complaint that has been dismissed by the court pursuant to § 1915(e)(2)(B) for failure to state a claim); *Coleman v. Labor & Industry Review Commission of Wisconsin*, 860 F.3d 461, 469 (7th Cir. 2017) (finding that dismissals for failure to state a claim under § 1915(e)(2)(B)(ii) are final decisions on the merits and have a *res judicata* effect); *Harmon v. Webster*, 263 Fed.Appx. 844, 845-46 (11th Cir. 2008) (finding that the district court's dismissal of previous complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) satisfied the elements of *res judicata*); *Gimenez v. Morgan Stanley DW, Inc.*, 202 Fed. Appx. 583, 584 (3d Cir. 2006) ("A dismissal under the *in forma pauperis* statute also qualifies as an adjudication on the merits carrying preclusive effect for purposes of any future *in forma pauperis* actions raising the same claim.") (citation omitted); *Pointer v. Parents for Fair Share*, 87 Fed.Appx. 12, 2004 WL 230741, at **1 (8th Cir. 2003) (per curiam) (affirming district court's dismissal of complaint under § 1915(e)(2)(B) on *res judicata* grounds because of its similarity to the previous complaint which had been dismissed in the court's preservice review under § 1915(e)(2)(B)); *Hill v. Elting*, 9 Fed.Appx. 321, 321 (6th Cir. 2001) ("The § 1915(e) dismissals of [the plaintiff's] two earlier IFP complaints have res judicata effect and establish that [the plaintiff's] third IFP complaint is frivolous for purposes of § 1915(e)).

The first two elements of claim preclusion are satisfied. This Court's prior dismissal of Plaintiff's negligence/malpractice claim with prejudice under § 1915(e)(2)(B)(ii) for failure to state a claim was a final judgment on the merits and was based on proper jurisdiction.

The third element of claim preclusion is likewise met. The named defendants in Plaintiff's FTCA claim in the present case are the United States and the South Dakota Department of Veterans Affairs and in the prior case, the named defendant in Plaintiff's FTCA was the Sioux Falls VA Hospital. The question, then, is whether the parties in the first law suit are the same or in privity with the parties in the present suit for purposes of claim preclusion. *Fowler v. Wolff*, 479 F.2d 338, 339-40 (8th Cir. 1973) (per curiam). Parties are in privity with one another when the relationship of the party in the new action to the parties sued in the previous action is so close "that their addition cannot change the facts that this present action is repetitious and barred by res judicata." *Id.* at 340. The United States is the proper defendant in a FTCA case and is in privity with the Sioux Falls VA Hospital for purposes of *res judicata*.

The fourth element of claim preclusion is also met in this case because Plaintiff's 2017 FTCA claim arises out of the same nucleus of operative facts as his FTCA claim in the present case because it is based on allegations by Plaintiff that an incorrect medical note caused the denial of his workers' compensation claim.

Because all of the elements of claim preclusion are met, Plaintiff's FTCA claim is barred by *res judicata*.

### B. Defendant South Dakota Department of Labor

Plaintiff alleges that the South Dakota Department of Labor Judge knew that all of his records at the Sioux Falls VA hospital were not brought forward in his workers' compensation case, "therefore causing discrimination towards [him]". In his claim for relief, Plaintiff requests that his workers' compensation case be reopened.

"[T]he Federal Employee's Compensation Act precludes judicial review of workers' compensation decisions made by the Department of Labor." *Duncan v. Dep't of Labor*, 313 F.3d 445, 447 (8th Cir. 2002) (per curiam) (citing 5 U.S.C. § 8128(b) (2000)). Because Plaintiff has not alleged a substantial, cognizable constitutional claim, this Court does not have jurisdiction over

this claim. *See Schneider v. United States*, 27 F.3d 1327, 1332 (8th Cir. 1994) (stating that a statute precluding judicial review does not bar review of constitutional claims).

Accordingly, Plaintiff's claim against the South Dakota Department of Labor is dismissed for failure to state a claim upon which relief may be granted.

### C. Defendants Janssen and Son, Peoplease Corp, Arch Ins

Plaintiff's prior lawsuit against defendants Janssen and Son, Peoplease Corp., and Arch Ins was dismissed for failure to state a claim because the Court found that Plaintiff had made no allegations as to these defendants.

In the present case, Plaintiff alleges a claim of legal malpractice against these defendants. Specifically, Plaintiff alleges that attorneys for these defendants falsely and knowingly claimed that Plaintiff was diagnosed with a chronic illness.

To establish legal malpractice, a plaintiff must prove: 1) the existence of an attorney-client relationship giving rise to a duty; 2) that the attorney, either by an act or a failure to act, violated or breached that duty; 3) that the attorney's breach of duty proximately caused injury to the client; and 4) that the client sustained actual injury, loss or damage. *Haberer v. Rice*, 511 N.W.2d 279, 284 (S.D. 1994)[6].

Plaintiff has not alleged in his Complaint the existence of an attorney-client relationship nor any facts to support that defendants Janssen and Son, Peoplese Corp., or Arch Ins owed Plaintiff any legal duty that would serve to state a claim of legal malpractice.

Accordingly, Plaintiff has failed to state a claim upon which relief may be granted as to these defendants.

### D. Defendants South Dakota Medical Board and South Dakota Bar Association

---

[6] When a federal question case involves the exercise of supplemental jurisdiction over state-law claims, the federal court applies the forum state's choice of law rules. *Black Hills Truck & Trailer, Inc. v. Mac Trailer Mfg., Inc.*, No. 13-cv-4113, 2015 WL 8483353, (D.S.D. Dec. 9, 2015) (J. Schreier) (citations omitted). Because this action was filed in South Dakota, the court will apply South Dakota choice of law rules. The Court acknowledges that it does not have enough information from Plaintiff's Complaint to determine which state has the most significant relationship under South Dakota's choice of law rules for tort claims. *See Chambers v. Dakotah Charter, Inc.*, 488 N.W.2d 63, 67 (S.D. 1992). Regardless, the elements of a legal malpractice claim are similar in every state in that they require a plaintiff to prove that "attorney defendants owed the plaintiff a duty of care, that the attorney defendant breached that duty, and that the plaintiff suffered damages as a proximate result of the breach." 7 Am.Jur.2d Attorneys at Law 212.

Plaintiff alleges that the South Dakota Medical Board ("Medical Board") and South Dakota Bar Association ("Bar Association") should not condone poor ethics such as medical and legal malpractice. Plaintiff requests that the Medical Board and Bar Association "acknowledge that harm was unfairly brought towards [him]."

Accepting at true these factual allegations as alleged by Plaintiff in his Complaint as the Court is required to do in screening a Complaint under § 1915(e)(2)(B), the Court finds that these allegations do not "give the defendant fair notice of what the. . . .claim is and the grounds upon which it rests" and fail to state a "claim showing that [Plaintiff] is entitled to relief". *Twombly*, 550 U.S. at 555 (internal quotations and citation omitted).

Accordingly, Plaintiff has failed to state a claim upon which relief may be granted as to these defendants.

Accordingly, it is ORDERED:

1. Plaintiff's motion to proceed *in forma pauperis*, Doc. 3, is GRANTED; and
2. Plaintiff's claims against the United States, the Sioux Falls, South Dakota Department of Veterans Affairs, the South Dakota Department of Labor, Janssen and Son, Peoplease Corp, and Arch Ins are DENIED with prejudice; and
3. Plaintiff's claim against defendants South Dakota Medical Board and South Dakota Bar Association are DENIED without prejudice; and
4. Plaintiff's motion to appoint counsel, Doc. 7, is DENIED as moot in light of the dismissal of the case.

Dated this 21st day of December, 2018.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK